**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM KING,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ANDREY KING, et al.,<br><br>　　　　Defendants. | Case No.: 14-cv-02041-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff William King is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Individuals detained pursuant to California Welfare and Institutions Code § 6600 et seq. are civil detainees and are not prisoners within the meaning of the Prison Litigation Reform Act. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000).

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

When Plaintiff entered Coalinga State Hospital (CSH), he informed the examining physician that he had been exposed to a large amount of insecticide while in the Los Angeles County jail. Plaintiff requested that the doctor order a referral to a toxicologist who specializes in the adverse effects of insecticide on the human body and that his blood be tested for insecticide. The referral order was subsequently canceled by an unknown staff member, named as John or Jane Doe herein, and Plaintiff's requested to be examined by a toxicologist was denied. The toxicity of the insecticide has caused numerous injuries to Plaintiff's body. As a result of the continuous insecticide poisoning, Plaintiff suffers from recurring skin rashes, sporadic numbness in his hands and feet, slurring of his speech and partial numbness on his tongue, and hyper-allergic reaction to chemical substances to which he had not been allergic before.

CSH is located within the security confines of Pleasant Valley State Prison (PVSP), which is in the Central Valley area of the state. This geographical area is commonly known to be infested with a bacterial spore called "Valley Fever." People of African American descent are particularly susceptible

1  to catching Valley Fever.  Plaintiff is African American and is particularly susceptible to catching the
2  disease.  Plaintiff requests a transfer out of the Central Valley area.
3        On November 12, 2014, Plaintiff was transported to a nearby hospital emergency center where
4  x-rays of his lungs were conducted.  A suspicious spot on his left lung was discovered which
5  physicians advised should be investigated by further diagnostic testing of that area.

### III.

### DISCUSSION

8        As a civil detainee, Plaintiff is entitled to treatment more considerate than that afforded pretrial
9  detainees or convicted criminals.  Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004).  Plaintiff's
10 right to constitutionally adequate conditions of confinement is protected by the substantive component
11 of the Due Process Clause.  Youngberg v. Romeo, 457 U.S. 307, 315 (1982).
12       A determination whether Plaintiff's rights were violated requires "balancing of his liberty
13 interests against the relevant state interests."  Youngberg, 457 U.S. at 321.  Plaintiff is "entitled to
14 more considerate treatment and conditions of confinement than criminals whose conditions of
15 confinement are designed to punish," but the Constitution requires only that courts ensure that
16 professional judgment was exercised.  Youngberg, 457 U.S. at 321-22.  A "decision, if made by a
17 professional, is presumptively valid; liability may be imposed only when the decision by the
18 professional is such a substantial departure from accepted professional judgment, practice, or
19 standards as to demonstrate that the person responsible actually did not base the decision on such a
20 judgment."  Id. at 322-23; compare Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th
21 Cir. 2010) (rejecting the Youngberg standard and applying the deliberate indifference standard to a
22 pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure
23 presence at trial, are not similarly situated to those civilly committed).  The professional judgment
24 standard is an objective standard and it equates "to that required in ordinary tort cases for a finding of
25 conscious indifference amounting to gross negligence."  Ammons v. Washington Dep't of Soc. &
26 Health Servs., 648 F.3d 1020, 1029 (9th Cir. 2011) (citations and internal quotation marks omitted).
27 ///
28 ///

### A.  Medical Care

Plaintiff's complaint is devoid of any allegations giving rise to a viable claim for relief arising out of the failure to provide proper medical care. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969. The mere cancelation of testing and further investigation of his medical condition does not support a claim for violation of Plaintiff's constitutional rights. See Ammons, 648 F.3d at 1029. There is simply no facts to demonstrate that any treatment decision were substantial departures from accepted professional judgment. Furthermore, there is no causal connection between the named defendants and the medical care Plaintiff received. See, e.g., Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). Accordingly, Plaintiff fails to state a cognizable claim for the denial of medical care.

### B.  Exposure to Valley Fever

Under certain circumstances, exposure to Valley Fever may support a constitutional claim based on a dangerous condition theory. See Beagle v. Schwarzenegger, No. 1:14-cv-430-LJO-SAB, 2014 WL 2875633 (E.D.Cal. Jul. 25, 2014). However, Plaintiff is required to allege facts linking their actions or omissions to a violation of his rights. Crowley v. Bannister, 734 F.3d at 977; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d at 1074-75; Lacey v. Maricopa County, 693 F.3d at 915-16. In as much as section 1983 does not permit *respondeat superior*, or vicarious, liability and Plaintiff's claim must therefore be premised on Defendants' personal involvement or other specific causal connection, speculative allegations do not suffice. The Court will permit Plaintiff an opportunity to amend the complaint.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
2. Plaintiff's complaint, filed December 22, 2014, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **February 27, 2015**

UNITED STATES MAGISTRATE JUDGE